**JOHN P. BATSON**
ATTORNEY AT LAW

P.O. BOX 3248
AUGUSTA, GA 30914-3248

TEL. (706) 737-4040
FAX (706) 736-3391
jpbatspn@aol.com

May 25, 2022

The Hon. Christopher Carr
Attorney General
State of Georgia
40 Capitol Square, SW
Atlanta, GA 30334

*Sent via certified mail*

Re: **Rule 5.1 Notice of Constitutional Challenge to O.C.G.A. § 9–3–70, et seq. and § 9–3–90, *et seq***

I am counsel for Plaintiff in *Steven Shelton, Guardian for adult Ruby Shelton v. CorrectHealth, LLC, et al.*, Case no. 1:21-cv-03689 (N.D. Ga).

This Fed. R. Civ. P. 5.1 notice is served upon Attorney General Carr because Plaintiff's Response (Doc. 54) to Defendant Dr. Ayedun's Motion to Dismiss on statute of limitations grounds (Doc. 51)[1] asserts it is unconstitutional to strictly apply the two year medical malpractice statute of limitations from time of malpractice and injury to filing, as if the second sentence of O.C.G.A. § 9–3–73(b) controls the Legislature's intent, without considering the whole of Articles 4 and 5, where the challenged application would not include accommodation for periods of absence of "legal competence," where in this case, there is no dispute that Plaintiff's incompetence occurred at the time of the challenged malpractice and injury in late January 2019, a Guardian was appointed September 4, 2021, and the complaint was filed September 3, 2021; within two years of abatement of legal incompetence, and within five years of the date of the injury, under the period of repose.

Plaintiff's Response brief (Doc. 54) raises the following Constitutional question: Whether an application of the statute of limitations for medical malpractice claims under Article 4, O.C.G.A. § 9–3–70, *et seq*. and Article 5, O.C.G.A. § 9–3–90, *et seq*., which does not accommodate for periods for legal incompetence comports with procedural and substantive due process?

Defendants seek to strictly apply a two-year limitation period, based on the first sentence of § 9-3-73(b), by asserting the two-year period runs from the date of malpractice and injury to the date of filing, without accommodating for periods of "legal incompetence."

[1] A second Defendant, University Hospital McDuffie County, joined the Motion to Dismiss. (Doc. 52).

There has been no dispute in the motions or pleadings as to the assertion that Ms. Shelton was rendered "legally incompetent" in late January 2019, the time of the challenged malpractice and injury.

Plaintiff argued that applying § 9–3–73(b) to time-bar Plaintiff's medical malpractices claims violates Plaintiff's procedural due process rights by denying her of a meaningful opportunity to be heard on her claim and violates Plaintiff's substantive due process right of access to courts, where there is no dispute that Plaintiff's incompetence and the challenged malpractice and injury occurred in late January 2019, an adult Guardian was appointed September 4, 2019, and the complaint filed September 3, 2021; which is within five years of the date of the malpractice and injury in late January 2019.

A second interpretation of § 9-3-73(b), that considers subsection (b) in light of subsection (d)'s statute of repose, would toll the statute of limitations for the legally incompetent, thus avoiding the constitutional violations caused by Defendants' assertion that § 9-3-73(b) sets a strict two-year period without accommodation for periods of legal incompetence.

The timeliness of filing and whether accommodation is afforded for lack of legal competence in this malpractice claim is determined by assessing the legislative intent expressed by following the rules of the construction as to both the statute of limitations and statutory exceptions tolling the running of those limitations. Article 4, § 9–3–71 *et seq*. (Limitations for Malpractice Actions); Article 5, § 9-3-90 *et seq*. (Tolling of Limitations).

When properly construed, the language in § 9–3–73(a-d) reflects that the lack of "legal competence" or legal capacity requires an additional period to gain legal capacity to sue, but no more than five years. In contrast, if § 9–3–73(b) is applied as Defendants assert to bar Ms. Shelton's medical malpractice claims, then Ms. Shelton's due process rights are violated.

Defendants moved to dismiss asserting Plaintiff's medical malpractice claims were subject to a strict two-year limitation period with no accommodation provided for periods of legal incompetence. Defendants argued that the January 2019 date of injury simultaneously causing the legal incompetence begins the running of the two years, and the filing in September 2021 was outside the limitations period. (Doc. 51 p. 4-5). Defendants cite exclusively to the first sentence of O.C.G.A. § 9–3–73(b), as if the Legislature did not intend to accommodate periods of "legal incompetence." Defendants relied upon two cases, *Deen v. Egleston*, 597 F.3d 1223, 1228-29 (11th Cir. 2010) ("*Egleston*") and *Deen v. Stevens*, 287 Ga. 597, 600 (2010) ("*Stevens*"), upholding § 9–3–73(b) in which the challenge was under an Equal Protection Clause applying a rational basis review. (Doc. 51 p. 5).

Plaintiff argued these cases do not control because Plaintiff is bringing a Due Process challenge that demands heightened review to preserve her fundamental right of meaningful access to the courts. (Doc. 54, p. 2). Plaintiff asserted Defendants' application of § 9–3–73(b) will foreclose the medical malpractice claims before they can be considered on their merits, violating Ms. Shelton's rights under the Due Process Clause by depriving her of her property interest in her claim and her fundamental right of meaningful access to courts. (Doc. 54).

This Rule 5.1 notice calls your attention to a second interpretation of § 9–3–73(b), however, one construing subsection (b) in light of both the second sentence within subsection (b) tolling claims for "[a] minor who has not attained the age of five" and the statute of repose in subsection (c). When the statute is correctly construed as a whole, accommodation is made for periods of legal incompetence up to the outside limit of five years set by the statute of repose. This interpretation is favored by both the canons of statutory construction of constitutional avoidance and surplusage. *See Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988) (doctrine of constitutional avoidance avoids constructions of a statute that would raise serious constitutional problems); *Kinslow v. State*, 311 Ga. 768, 774, 860 S.E.2d 444, 449 (2021) ("courts should avoid a statutory construction that will render some of the statutory language mere surplusage.").

An overview of the relevant provisions are as follows: Georgia imposes a two-year statute of limitations for medical malpractice actions, (OCGA. § 9–3–71(a)) which specifically refers to Article 5, § 9-3-90 *et seq*, and states that, "Except as provided in this Code section, the disabilities and exceptions prescribed in Article 5 of this chapter in limiting actions on contracts shall be allowed and held applicable to actions, whether in tort or contract, for medical malpractice." Article 5, OCGA § 9-3-90 *et seq*, provides for tolling exceptions. For example,§ 9-3-90(a) provides for tolling for legal incompetence based on mental illness or disability.

The first sentence of § 9–3–71(b) states, that "[n]otwithstanding Article 5 of this chapter, all persons who are legally incompetent because of intellectual disability or mental illness [. . .] shall be subject to the periods of limitation for actions for medical malpractice provided in this article." § 9-3-73(b). This single sentence does not affirmatively state that tolling does not apply for legal incompetence or lack of legal capacity due to age.

The second sentence of § 9–3–73(b), shows the Legislature's intent to accommodate periods of lack of capacity by age, by offering an example. The second sentence provides for tolling for claims for "[a] minor who has not attained the age of five years," i.e., the claim will not accrue until the minor has reached five years of age. If the Legislature had not intended to accommodate for lack of legal capacity, then there was no need to provide language about how to apply the periods of repose and limitations connected to lack of legal capacity due to age.

And § 9-3-73(c) contains a statute of repose which provides a period of five years before a claim brought by a legally incompetent plaintiff based on mental incompetence is extinguished. Section 9–3–73(d) ("subsection (c) of this Code section is intended to create a statute of repose").

Defendants' construction and application of § 9-3-73(b), focusing only on the first sentence, ignores the tolling period provided for minors under the age of five in the second sentence of subsection (b) and the statute of repose contained in subsection (c)(1).

State legislatures have enacted "statutes of repose" to provide a finite time limit on a defendant's potential liability in response to the incorporation of tolling exceptions into state statutes of limitations. *See, e.g., Hinkle ex rei. Hinkle v. Henderson*, 85 F.3d 298, 301 (7th Cir. 1996) (incorporating tolling exceptions into state statutes of limitations creates what is termed a

"long tail" effect of potential liability for defendants for conduct that occurred in the past); *Comstock v. Collier*, 737 P.2d 845, 849 (Colo. 1987) (en banc).

Because O.C.G.A § 9-3-73 contains both a statute of limitations (subsection (b)) and a statute of repose (subsection (c)), the Georgia Legislature intended the statute of limitations to be tolled by certain tolling exceptions, including for both mental incompetence and youth. In contrast, if § 9-3-73(b)'s statute of limitation could not be tolled for the legally incompetent, then no claim could be brought after two years, rendering § 9-3-73(c)'s five-year statute of repose superfluous. *See Kinslow*, 311 Ga. at 774. Further, such a construction as proffered by Defendants, violates Plaintiff's due process rights, inviting the constitutional challenge described in Plaintiff's brief. (Doc. 54). *See Edward J. DeBartolo Corp*, 485 U.S. at 575.

Plaintiff's Response brief asserts that applying § 9–3–73(b) to bar Plaintiff's medical malpractice claims violates Plaintiff's Due Process rights because the insufficient procedural protections, i.e., not allowing for tolling, deprives Plaintiff of her property interest in her medical malpractice claim and obstructs her fundamental right of access to courts. (Doc. 54 p. 1-3, 7-25).

In *Logan v. Zimmerman Brush Co*., 455 U.S. 422, 437 (1982), the Court stated, "[t]he State may erect reasonable procedural requirements for triggering the right to an adjudication, [such as] statutes of limitations [. . .] [w]hat the Fourteenth Amendment does require, however, is an opportunity ... granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case." (internal citations and punctuation omitted). Whether a statute of limitations provides a meaningful opportunity to be heard may be assessed under either a procedural or substantive due process analysis. *Id*. at 430 n.5; *see In re Adoption of J.S*., 2014 UT 51, ¶¶ 21-22, 358 P.3d 1009, 1015 ("Such [statutes of] limitations may be challenged on either procedural or substantive due process grounds.").

Relying on a "next friend" or appointment of guardian to bring a claim is an insufficient procedural protection and produces arbitrary and unreasonable results because an injured party must rely on an underlying state probate court proceeding to be completed before a guardian can exercise his rights. (Doc. 54 p. 12, 16-17). And, a truncated tolling period is not sufficient to bring a medical malpractice claim. *Id*.; *see Mominee v. Scherbarth*, 28 Ohio St.3d 270, 503 N.E.2d 717, 721–722 (1986) ("there may effectively be no parent or guardian, concerned or otherwise, in the minor's life [. . .] nor do such minors have the requisite ability to seek redress or to protect personal interests"); *Barrio v. San Manuel Div. Hosp. for Magma Copper Co*., 143 Ariz. 101, 106, 692 P.2d 280, 285 (1984) ("t[he [injured party] possesses a right guaranteed by the constitution, but cannot assert it unless someone else, over whom he has no control, learns about it, understands it, is aware of the need to take prompt action, and in fact takes such action....").

Applying § 9-3-73(b) to bar Plaintiff's claims would also violate Plaintiff's substantive due process right of access to courts. In *Tennessee v. Lane*, 541 U.S. 509, 532 (2004), the Court addressed how physical access to court buildings obstructed disabled plaintiffs' fundamental right to access courts. The *Lane* opinion exemplified the overlap between a state's duty under Title II of the Americans with Disabilities Act to accommodate individuals with disabilities and the requirement imposed by the Due Process Clause to accommodate an individual's access to courts. The *Lane* Court stated that Title II of the ADA's "duty to accommodate is perfectly consistent

with the well-established due process principle that, within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard in its courts." *Id.* (citing *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)).

Other courts have recognized this principle specifically in the context of finding a statute of limitations that does not accommodate access to courts for those lacking legal capacity denies plaintiffs a fundamental right of access to courts. *See Barrio*, 143 Ariz. at 107 ("[A] statute which requires [one] to bring the action [. . .]—regardless of his ability to do so [. . .]—does not provide reasonable alternatives. The statute abolishes the action before it reasonably could be brought, in violation of [his] fundamental constitutional right."). Multiple state courts have found that two-year statutes of limitations that deny tolling for lack of legal capacity violate a fundamental right of access to courts. *See e.g. Tafoya v. Doe*, 1983-NMCA-070, ¶ 19, 100 N.M. 328, 332, 670 P.2d 582, 586 ("All of these cases reflect the view that one unable to comply with a notice requirement by reason of minority is protected by the reasonableness requirements of the common law, the Fourteenth Amendment to the United States Constitution, or similar provisions in their state constitutions."); *Kordus v. Montes*, 2014 WY 146, 337 P.3d 1138 (Wyo. 2014) (two-year statute of limitations for medical malpractice actions, as applied to juvenile patient who had no legal capacity to sue, violated her fundamental right of access to courts); *Strahler v. St. Luke's Hosp.*, 706 S.W.2d 7, 11 (Mo. 1986) ("The statutory limitation period, as applied to minors, violates their right of access to our courts"); *Piselli v. 75th St. Med.*, 371 Md. 188, 215, 808 A.2d 508, 524 (2002) ("[M[andating that the [. . .] limitations periods run against a minor's tort claim [. . .] is an unreasonable restriction upon a [. . .] child's access to the courts.").

Lastly, Plaintiff notes that Rule 5.1 states a party must serve notice on a state attorney general if a party files a pleading drawing into question the constitutionality of a state statute. Fed. R. Civ. P. 5.1 (a). Although Rule 5.1(d) states that "[a] party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted," Defendants assert that the malpractice claim should be dismissed for failure to provide the notice. (Doc. 55 p. 5). In the interest of avoiding confusion or benign mistake, this Notice is provided to ask the Attorney General to address the Legislature's intent, and avoid an unconstitutional construction and application of Georgia's medical malpractice statute that does not accommodate periods of "legal incompetence," while setting an outside limit of five years on malpractice claims.

This letter notifies Georgia's Attorney General's office that the constitutionality of a Georgia statute is questioned. Under Rule 5.1(c), unless the court sets a later time, the attorney general may intervene within sixty days after a party files a Rule 5.1 notice with a court or after the court certifies the challenge.

Counsel is filing this Notice with the Court as of the 25th day of May 2022.

Please direct all physical correspondence regarding this claim to:

John P. Batson
1104 Milledge Road
Augusta, GA 3004

Sincerely,

/s/ *John P. Batson*
John P. Batson
Georgia Bar No. 042150
*Attorney for Plaintiff*

706-737-4040
Fax/ 706-736-3391
jpbatson@aol.com

encl.

| | |
|---|---|
| Doc. 1 | Complaint |
| Doc. 51 | Dr. Ayedun Motion to Dismiss |
| Doc. 52 | Def. University. Hosp. McDuffie adopting Dr. Ayedun's MTD |
| Doc. 54 | Plaintiff's Response to Defendants' Motions to Dismiss |
| Doc. 55 | Def. Ayedun Reply Brief |
| Doc. 56 | Hospital Adopting Dr. Ayedun's Brief |

cc. by email, but without enclosures

| | |
|---|---|
| Joseph H. Huff | jhuff@kilpatricktownsend.com |
| Laurel Payne Landon | llandon@kilpatricktwonsend.com |
| Thomas E. Lavender III | ted.lavender@lhalawyers.com |
| Amy M. Hoffman | Amy.hoffman@lhalawyers.com |
| Allison L. Currie | alison.currie@lhalawyers.com |
| Paul Weathington | pweathington@weathingtonsmith.com |
| Jesse K. Broocker | jbroocker@weathingtonsmith.com |