IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STEVEN SHELTON, on behalf of Ruby Fawn Shelton, as her Guardian and Conservator, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | 1:21-CV-03689-ELR |
| CORRECTHEALTH LLC, et al., | * * | |
| Defendants. | * * | |

_____

**O R D E R**

_____

There are several matters pending before the Court. The Court sets out its reasoning and conclusions below.

On August 18, 2022, this Count entered an Order granting former Defendants University Hospital McDuffie County ("UHM") and Dr. Ayodele Abel Ayedun's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" [Doc. 34] and dismissed Plaintiff Steven Shelton's only claim against them (a state law claim for negligence).[1] [See Doc. 59 at 36]. Because no claims remained as to UHM and Dr.

---

[1] By the same Order, the Court denied Plaintiff's "Motion for Leave to File First Amended Complaint" [Doc. 44], by which Plaintiff sought leave to add a claim against Defendant UHM for violation of the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd ("EMTALA"). [See Doc. 59 at 11, 36].

Ayedun, the Court directed the Clerk of Court to terminate them as Party Defendants. [See id.] On September 15, 2022, Plaintiff filed a "Motion for Reconsideration" of the Court's August 18, 2022 Order. [Doc. 62].

Thereafter, on October 3, 2022, Plaintiff filed a "Second Motion to for Leave to Amend [the] Complaint," by which Plaintiff again seeks the Court's leave to add an EMTALA claim against UHM and to re-assert a state law negligence claim against UHM and Dr. Ayedun (which the Court dismissed in its August 18, 2022 Order). [See Doc. 70]. Both UHM and Dr. Ayedun filed response briefs in opposition to Plaintiff's second motion to amend. [See Docs. 75, 76]. Instead of a consolidated reply, Plaintiff submitted two (2) reply briefs: one directed toward UHM's response brief, and one replying to Dr. Ayedun's response brief. [See Docs. 78, 79]. Subsequently, without seeking the leave of Court, Dr. Ayedun and UHM each filed a sur-reply brief. [See Docs. 80, 81].

On November 28, 2022, Plaintiff filed a "Motion to Strike Dr. Ayedun's Brief[,] Alternatively[,] Motion for Leave to File Sur-Reply." [Doc. 87]. While the response period for this motion has not yet expired, the Court finds it appropriate to rule on that motion now. See LR 7.1(B), NDGa. As Plaintiff correctly notes in the instant motion, neither this district's Local Rules nor the Federal Rules of Civil Procedure allow for sur-reply briefs as a matter of right. See Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) ("Neither the Federal

2

Rules of Civil Procedure nor this Court's Local Rules authorize the filing of sur-replies."); [see also Doc. 87 at 2]. Generally, sur-replies are disfavored and, indeed, "to allow such sur-replies as a regular practice would put the court in the position of refereeing an endless volley of briefs." See Byrom v. Delta Fam. Care–Disability & Survivorship Plan, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004). Further, the decision to allow a sur-reply is fully within the Court's discretion. See Fredrick, 366 F. Supp. 2d at 1197 ("Although the Court may in its discretion permit the filing of a sur-reply, this discretion should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists[.]") (internal citation omitted).

As noted, Dr. Ayedun did not seek the Court's leave to file his sur-reply brief, and the Court does not deem it to be necessary. [Doc. 80]. Thus, the undersigned grants Plaintiff's motion to the extent that the Court strikes Dr. Ayedun's sur-reply. [Doc. 87]. However, the Court does not discern any need for further briefing from Plaintiff regarding the second motion to amend, and therefore denies Plaintiff's motion for leave to file a sur-reply. [Id.]

Also on November 28, 2022, Plaintiff filed a "Unopposed Motion for Extension of Time for Plaintiff to File Sur-Reply to Defendant UHMcDuffie's Sur-Reply." [Doc. 88]. Like Dr. Ayedun, UHM did not seek the Court's leave before filing a sur-reply regarding Plaintiff's second motion to amend. [See Doc. 81].

3

Although Plaintiff does not request that the Court strike UHM's improper sur-reply, the Court finds it appropriate to do so for the same reasons it strikes Dr. Ayedun's improper sur-reply. [Id.] Additionally, the Court denies Plaintiff's request in the instant motion to file an additional brief regarding the second motion to amend. [See Doc. 88].

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's "Motion to Strike Dr. Ayedun's Brief[,] Alternatively[,] Motion for Leave to File Sur-Reply." [Doc. 87]. Specifically, the Court **GRANTS** Plaintiff's request to strike Dr. Ayedun's improper sur-reply and **STRIKES** the filing located at Docket Entry 80. [Doc. 80]. The Court **DENIES** Plaintiff's alternative request to file another sur-reply brief. The Court also **STRIKES** UHM's improper sur-reply located at Docket Entry 81. [Doc. 81]. Finally, the Court **DENIES** Plaintiff's Unopposed Motion for Extension of Time for Plaintiff to File Sur-Reply to Defendant UHMcDuffie's Sur-Reply." [Doc. 88]. Plaintiff's "Motion for Reconsideration" and "Second Motion to for Leave to Amend [the] Complaint" remain **UNDER ADVISEMENT** at this time. [Docs. 62, 70].

**SO ORDERED**, this 2nd day of December, 2022.

*/s/ Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia